IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00199-GCM

| CURTIS STEELE, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CAPITAL ONE HOME LOANS, LLC, | ) |
| *and Trustees*; GODDARD & | ) |
| PETERSON, PLLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on consideration of Plaintiff's Motion to proceed in forma pauperis, (Doc. No. 2) ("Motion"), and Plaintiff's pro se complaint.

I. BACKGROUND

On or about April 12, 2005, Plaintiff Curtis Steele ("Plaintiff") and Yolanda Harrington[1] executed a Deed of Trust to secure a loan made by Defendant Capital One Home Loans, LLC ("Capital One").[2] The property at issue was located at 548 Moss Stream Lane, Charlotte, North Carolina 28214 (the "Property").[3] After it appeared the loan had come into default, a special proceeding was filed on behalf of Capital One by Defendant Goddard & Petterson, PLLC, as Substitute Trustee, on July 28, 2015, with the Mecklenburg County Superior Court in an effort to foreclose on the Property in Case No. 15-SP-3257. Plaintiff and Ms. Harrington were named as

---

[1] Yolanda Harrington did not sign the complaint; therefore she is not a proper party to this action. See FED R. CIV. P. Rule 11(a). Moreover, Plaintiff cannot represent the interests of another unless he is admitted to practice law and he is admitted to practice in this district. There is no indication that Plaintiff is so qualified. See N.C. Gen. Stat. § 84-4.

[2] The Deed of Trust is filed with the Mecklenburg County Register of Deeds in Book 18724, Page 405. The Court takes judicial notice of the documents that are filed with the Register of Deeds. See Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

[3] According to the Deed of Trust, the legal description of the Property is recorded in Map Book 36, Page 31 in the Mecklenburg County Public Registry, and the Tax ID # is 031-404-28.

1

Respondents and Goddard and Peterson, PLLC was named as the Petitioner. (3:16-cv-00199. Doc. No. 5-1).

On April 11, 2016, a hearing on the foreclosure commenced before the Mecklenburg County Clerk of Superior Court. The Clerk found that Capital One was the holder of the Note on the Property and that the Note represented a valid debt that was secured by the Deed of Trust referenced above. The Clerk further found that Plaintiff and Ms. Harrington were in default on the Note, and that the Deed of Trust gave Capital One the right to foreclose on the Property under power of sale and that such right was enforceable. The Clerk also concluded that Plaintiff and Ms. Harrington were served with proper notice of the hearing, and that Capital One had attempted to voluntarily resolve the delinquent payments prior to the foreclosure hearing to no avail. After making these pertinent findings, the Clerk concluded that the Goddard & Peterson, PLLC, as Substitute Trustee, was authorized to proceed with the foreclosure on the Deed of Trust and post a Notice of Sale, and to conduct said sale after notice was complete, as required by Chapter 45 of the General Statutes of North Carolina. (Id., Doc. No. 5-3 at 1).

On April 26, 2016, Plaintiff filed a Notice of Removal from State court to this Court. (Id., Doc. No. 1).

II. STANDARD OF REVIEW

In addition to reviewing Plaintiff's motion to proceed *in forma pauperis*, the Court must examine the complaint to determine whether this Court has jurisdiction and to ensure that the action is not (1) frivolous or malicious; or (2) that the complaint fails to state a claim upon which relief may be granted; or (3) that Plaintiff is seeking monetary damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i),(ii), and (iii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP

filings in addition to complaints filed by prisoners . . .").

In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

### III.  DISCUSSION

Defendants move to remand this matter back to the State court on the ground that the removal was not timely filed. (3:16-cv-00199, Doc. No. 5).[4] Federal law provides that in order to remove a civil action, the notice of removal must be filed within 30 days "after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446(b)(1).

According to the Sheriff's Foreclosure Notice Return, Plaintiff had notice of the pending foreclosure action, and any concomitant legal claims, in August 2015, yet Plaintiff waited until late April 2016, to file the Notice of Removal. (Id., Doc. No. 5-2 at 1-4). However, Plaintiff contends that he did not notice of the foreclosure sale. (Id., Doc. No. 6 at 1). Assuming, arguendo, that this assertion is true, Plaintiff's case is still due to be remanded.[5]

---

[4] Defendants also move for an award of attorney's fees contending that the removal from State court was not objectively reasonable. (Id. at 3). Defendants are free to submit an affidavit and any supporting documentation to support a motion for attorney's fees.
[5] Of course, Plaintiff was free, and indeed, obligated to raise the defense of lack of notice before the State court.

Plaintiff, in his introduction to his complaint, dooms his opportunity to challenge the actions of the State court in presiding over, and ruling on the petition to foreclose on the Deed of Trust. Plaintiff contends the

> Action of foreclosure was improperly brought in State Court by the Original Plaintiffs/Counterclaim Defendants. Foreclosure hearing was held before a "Clerk of Court'" Randall Hosse who ordered a foreclosure on the Defendants property in a room that was not a court of law. Defendants Constitutional Rights to due process, to a fair and impartial hearing were denied. Defendants own the home free and clear.

After considering the allegations in the complaint, the Court finds that Plaintiff's challenge to the State foreclosure proceedings is nothing more than a challenge to the validity of the State order of foreclosure. Accordingly, this Court declines to exercise jurisdiction to address the outcome of the State foreclosure proceedings. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Company, et al., 263 U.S. 413, 416 (1923). In other words, in order to grant Plaintiff the relief he is seeking, this Court would necessarily have to enter an order setting the State order of foreclosure.

For the reasons stated herein, Defendants' motion to remand is granted.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis is **GRANTED**. (Doc. No. 3).

2. Defendants' motion to remand to State Court is **GRANTED**. (Doc. No. 5).

3. Defendants may submit an affidavit and any supporting documentation to support a claim for attorney's fees that may have been incurred in addressing Plaintiff's removal of this action from State Court within 21-days from entry of this Order.

4. The Clerk is respectfully directed to close this civil case.

   **SO ORDERED**.

Signed: August 2, 2016

Graham C. Mullen
United States District Judge